Easterly, Associate Judge,
concurring:
I join the opinion of the court adopting Federal Rule of Evidence 702 as the rule for the admission of expert testimony in criminal and civil cases. With this decision, trial courts will be called upon to scrutinize an array of forensic expert testimony under new, more scientifically demanding standards; As the opinion of the court states, “[tjhere is no ‘grandfathering[1] provision in Rule 702,” and, under the new rule we adopt, courts may not “reflexively admit expert testimony because it has become accustomed to doing so under the Dyas/Frye test.” Ante, at 758.
Fortunately, in assessing the admissibility of forensic expert testimony, courts will have the aid of landmark reports that examine the scientific underpinnings of certain forensic disciplines routinely admitted under Dyas/Frye, most prominently, the National Research Council’s congressionally-mandated 2009 report Strengthening Forensic Science in the United States: A Path Fonvard,[1] and the President’s Council of Advisors on Science and Technology’s (PCAST) 2016 report Forensic Science in the Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods [hereinafter PCAST Report].[2] These reports provide information about best practices for sciéntific testing, an objective yardstick against which proffered forensic evidence can be measured, as well as critiques of particular types of forensic evidence. In addition, the PCAST Report contains recommendations for trial judges performing their gatekeeping role under Rule 702:
(A) When deciding the admissibility of [forensic] expert testimony, ... judges should take into account the appropriate scientific criteria for assessing scientific validity including: (i) foundational validity, [3] with respect to the requirement under Rule 702(c) that testimony is the product of reliable principles and methods; and (ii) validity as applied,[4] with respect to [the] requirement under Rule 702(d) that an expert has reliably applied the principles and methods to the facts of the case.
(B) ... [J]udges, when permitting an expert to testify about a foundation-ally valid feature-comparison method, should ensure that testimony about the accuracy of the method and the probative value of proposed identifications is scientifically valid in that it is limited to what the empirical evidence supports. State *760 ments suggesting or implying greater certainty are not scientifically valid and should not be permitted. In particular, courts should never permit scientifically indefensible claims such as: “zero,” “vanishingly small,” “essentially zero,” “negligible,” “minimal,” or “microscopic” error rates; “100 percent certainty” or proof “to a reasonable degree of scientific certainty;” identification “to the exclusion of all other sources;” or. a chance of error so remote as to be a “practical impossibility.”
PCAST Report, supra, at 19; see also id. at 142-45; Gardner v. United States, 140 A.3d 1172, 1184 (D.C. 2016) (imposing limits on experts’ statements of certainty).
As the opinion of the court explains, the ultimate concern of the courts is with evi-dentiary reliability. Ante, at 753-54. But, “[i]n a case involving scientific evidence”— or evidence held out as scientific evidence—“evidentiary reliability will be based on scientific validity.” Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 n.9, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); see also PCAST Report, supra, at 19 (explaining that “scientific validity” encompasses both “foundational validity” and “validity as applied”).
APPENDIX
LIST OF COUNSEL
Terrence J. Dee argued for appellants. The following were on the brief: Laura Sierra, Scott A. Elder (pro hac vice pending), and David Venderbush (admitted pro hac vice) for appellant Célico Partnership d/b/a Verizon Wireless, Bell Atlantic Mobile, Inc., and Verizon Wireless Inc.; Jennifer G. Levy, Terrence J. Dee (admitted pro hac vice), and Michael B. Slade (admitted pro hac vice) for appellant Motorola, Inc.; Thomas Watson, Curtis S. Ren-ner, and Lauren Boucher for appellants AT&T Inc., AT&T Wireless Services Inc., Cingular Wireless LLC, and related entities; Paul Scrudato (pro hac vice pending) and Thomas M. Crispí (pro hac vice pending) for appellant Apple Inc., a defendant in other related cases Nos. 2012 CA 008537 B, 2013 CA 007805 B, 2013 CA 007620 B, and 2014 CA 0004171 B; Seamus C. Duffy (pro hac vice pending) and Michael Daly (pro hac vice pending) for appellants AT&T Inc., AT&T Wireless Services Inc., Cingular Wireless LLC, and related entities; Howard N. Feldman for appellant Audiovox Communications Corporation; Howard D. Scher, Patrick T. Casey, and John Korns for appellant Cellular One Group; Michael D. McNeely and Vicki L. Dexter for appellant Cellular Telecommunications & Internet Association; Paul Farquharson and Scott Phillips for appellant Cricket; Ralph A. Taylor, Jr., and Rosemarie Ring (admitted pro hac vice in D.C. Superior Court only) for appellant HTC America, Inc., a defendant in other related cases Ños. 2012 CA 008533 and 2014 CA 002797; Sean Reilly for appellant LG Electronics MobileComm U.S.A., Inc., a defendant in other related cases Nos. 2014 CA 002521, 2012 CA 003241, 2012 CA 004068, 2013 CA 007620, 2013 CA 008192, 2014 CA 001425, and 2014 CA 002797; Steven M. Zager, Amanda R. Johnson, Stanley E. Woodward Jr., and Richard W. Stimson (admitted pro hac vice) for appellant Microsoft Mobile Oy; Francis A Citera (pro hac vice pending), Matthew AC, Zapf (pro hac vice pending), and Precious Murchison for appellants Qualcomm Inc. and Sony Electronics Inc.; John B. Isbister and Jaime W. Duse for appellant Samsung Telecommunications America, LLC; J. Stan Sexton (pro hac vice pending), Patrick N, Fanning (pro hac vice pending), and John A. Turner, III, for appellants Sprint Nextel Corporation fik/a Nextel Communications .and Sprint Spectrum, L.P. d/b/a Sprint PCS; *761 Paul H. Vishny, Paul E. Freehling (admitted pro hac vice), and Rhett E. Petcher for appellant Telecommunications Industry Association; Michael Scoville and Mary Rose Hughes for appellant T-Mobile USA, Inc.; and Eugene A, Schoon (admitted pro hac vice) and Tamar B. Kelber for appellant United States Cellular Corporation.
James F. Green and Jeffrey B. Morgan-roth argued for appellees. The following were on the brief: James F. Green and Michelle A. Parfitt co-counsel for appel-lees Prischman, Kidd, Solomon, Brown, and Noroski; Jeffrey B. Morganroth, Mayer Morganroth, and Jill A. Gurfinkel lead counsel for appellees Murray, Cochran, Agro, Keller, Schwamb, Schofield, and Bo-cook, and co-counsel for Marks; Hunter Lundy, Rudie R, Soileau Jr., and Kristie Hightower lead counsel for appellees Prischman, Kidd, Solomon, and Brown, and co-counsel for Marks; Victor H. Pri-banic and Matthew Doebler lead counsel for appellee Noroski; Jeffrey S. Grand co-counsel for appellee Solomon; Laura Bishop Knoll, Jerald Edward Knoll, Jerold Edward Knoll, Jr., and Edmond, H. Knoll co-counsel for appellees; and Steven R, Hickman co-counsel for appellees.
Brief of amicus curiae Business and Medical Coalition in support of appellants was filed by Steven P. Lehotsky and Sheldon Gilbert for Chamber of Commerce of the United States of America, Amar D. Sarwal for Association of Corporate Counsel, and Joe G. Hollingsworth and Eric G. Lasker for all amici.
Brief of amid curiae D.C. Defense Lawyers’ Association and DRI in support of appellants, reversal, and the adoption of Rule 702 and Daubert to modernize the standard for admission of expert opinions was filed by Kelly Hughes Iverson, Kamil Ismail, Craig S. Brodsky, Erin Christen Miller, and Meghan Hatfield Yanacek for D.C. Defense Lawyers’ Association; and John Parker Sweeney for DRI—The Voice of the Defense Bar.
Brief of amicus curiae Product Liability Advisory Council, Inc., in support of appellants’ request for reversal of order admitting expert testimony was filed by Terri S. Reiskin, Marilyn S. Chappell, L. Michael Brooks, Jr., Mary A. Wells, and Hugh F. Young, Jr.
Brief of amicus curiae Public Defender Service in support of appellants was filed by James Klein, Alice Wang, Jason Tul-ley, and Emily Voshell, Public Defender Service.
Brief of amicus curiae Trial Lawyers Association of Metropolitan Washington, D.C,, in support of appellees and affir-mance was filed by John Vail.
Joint Brief of amici curiae United States of America and the District of Columbia in support of appellants was filed by Ronald C. Machen Jr., United States Attorney at the time the brief was filed, and Elizabeth Trosman and John P. Man-narino, Assistant United States Attorneys; and Karl A. Racine, Attorney General for the District of Columbia, Todd S, Kim, Solicitor General, and Loren L. AliKhan, Deputy Solicitor General.

. Available at https://www.ncjrs.gov/pdffilesl/ nij/grants/228091.pdf.

. Available at https://www.whitehouse.gov/ sites/default/files/microsites/ostp/PCAST/ pcast_forensic_science_report_final.pdf.

. ‘‘Foundational validity for a forensic-science method requires that it be shown, based on empirical studies, to be repeatable, reproducible, and accurate, at levels that have been measured and are appropriate to the intended application.” PCAST Report, supra, at 4. If a method has foundational validity it "can, in principle, be reliable.'-’ Id. at 4-5.

."Validity as applied means that the method has been reliably applied in practice.” Id. at 5. It means that the expert has "reliably applied ... [foundationálly valid] principles and methods to[1] the facts.of the case.” Id.